NORTH CENTRAL PUBLISHING COMPANY v. S. SPERANZA AND ANOTHER.[1]

December 21, 1934.

No. 30,110.

[1]Reported in 258 N. W. 22.

*Reuther & Sullivan* and *John P. Moylan,* for appellant.

*Charles H. Winter,* for respondent.

PER CURIAM.

The action was to recover for printing a 35,000 edition of a paper published in St. Paul by defendant McMahon. It was stipulated that $193 was due plaintiff therefor. The question litigated between plaintiff and appellant was whether the latter was liable therefor. The court, among other matters not controverted, found that on or about December 30, 1931, defendant McMahon desired plaintiff to print a large special issue of "Central Council News"; that McMahon was then indebted to plaintiff in the sum of $40 for a previous issue of the paper, and plaintiff refused to extend further credit for the special issue unless some responsible person would agree to pay the expense; that on December 31, 1931, McMahon, accompanied by appellant, went to plaintiff's office, and "S. Speranza stated, after some preliminary discussion, that he would take care of the matter, and thereupon and in reliance thereon, said plaintiff agreed to print thirty-five thousand copies of the 'Central Council News' * * *; that pursuant to the promise of defendant Speranza to pay for said printing work and materials plaintiff did print thirty-five thousand copies of said 'Central Council News' at an agreed price of $193.00, and subsequently, and on or about January 4, 1932, there were delivered to said defendants and others of the Central Council of District Clubs said thirty-five thousand copies." The conclusion of law was that plaintiff recover of S. Speranza $193 and interest since January 4, 1932. Appellant moved to vacate the decision or for a new trial on the ground that the decision is not justified by the evidence and is contrary to law. He appeals from the order denying the motion, and his assignments of error are:

"1. That the court erred in denying appellant's motion to vacate the decision of the court and direct findings in favor of appellant dismissing said action as to him.

"2. That the court erred in denying appellant's motion in the alternative or for a new trial."

It is clear that under our rules of procedure and decisions the above assignments of error present no question for review in this court. See 1 Dunnell, Minn. Dig. (2 ed. & Supp. 1932) § 361, and the cases therein cited. There were four findings of fact. The part of finding III above quoted is determinative of the appeal, and appellant's brief attacks that part as not sustained by the evidence. But neither on the motion for new trial nor by the assignments of error here is that part of the finding challenged. However, we have examined the evidence and are of the opinion that the trial court was well warranted in making the quoted part of finding III. As to the balance of that finding and findings numbered I, II, and IV, the evidence is without dispute. Appellant's promise to take care of the expense of the printing of the special issue of the paper, if plaintiff would go ahead and print it, became a primary obligation. Plaintiff refused to do the work upon the credit of McMahon. The facts do not bring this case within the rule of Cole v. Hutchinson, 34 Minn. 410, 26 N. W. 319.

Order affirmed.